## NEW YORK CITY MAGISTRATES' COURT—FIRST DIVISION—SECOND DISTRICT,

### Oct., 3, 1912.

## THE PEOPLE v. JOHN GOLDBERG.

## THE PEOPLE v. OSEIS FUCHS, HERMAE GOLDBERG and SAM MILLER.

(1.) COMMON GAMBLERS*—EVIDENCE—OTHER ACTS.

Other acts of defendant charged with being a common gambler, which tend to show that he has continuously gambled, and even his reputation in that respect, held admissible.

(2.) SAME—ACTS NOT CONSTITUTING THE CRIME.

Where the evidence shows that that on a day named the defendants did engage in playing kerosene, a game of cards for money, this is insufficient to establish the crime charged.

(3.) KEEPING A GAMBLING HOUSE—EVIDENCE.

Where the evidence shows that on a day named four persons were found playing a game of cards for money on the premises of the defendant, he should be held for trial.

FRESCHI, C. M.:

The meaning of " common gambler," as used in section 970 of the Penal Statute, is plain, and seems to have been settled by the Court of Appeals (People v. Bright, 203 N. Y. 76). It does not include every person who plays cards or dice for amusement or recreation, even though money or other thing is wagered. The professional gamester is the cancerous growth of a community, and it was to eliminate him from society that the Legislature condemned him who engages commonly in gambling as a money-making business. Had the Legislature intended to make a felon or a misdemeanant of each person who played crap or who threw dice for money, cigars or drink, who played any kind

---

* See note on Betting and Gaming, Vol. 28-207.

of a game with cards or toys for a stake, it would not have used the word " common." Gambling is not prohibited, but common gambling is a crime. I am of the opinion that in this class of cases other acts of the defendant that tend to show that he or she has continuously gambled, and even his or her reputation in that respect, is admissible evidence to establish the crime charged. Here, however, the people have utterly failed in their proof. In so far as the case against Fuchs, Herman Goldberg and Miller is concerned, the record merely shows that on the 28th day of September, 1912, at 155 Second avenue, in the city and county of New York, the defendants, Oseis Fuchs, Herman Goldberg and Sam Miller, did engage in playing kerosene, a game of cards, for money. This is insufficient, and these defendants must be discharged.

The defendant, John Goldberg, is charged with being the keeper of a house where gambling was permitted. Four persons were found playing the game of kerosene for money in his premises on said day, and for that reason, and in view of all the circumstances in the case, I shall hold John Goldberg for trial.